IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HECTOR GONZALES, | ) | 8:12CV274 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SERGEANT TALLANT, | ) | |
| CORPORAL NIXON, and FRED | ) | |
| BRITTEN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on August 3, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on August 3, 2012, against three employees of the Nebraska Department of Correctional Services, employed at the Tecumseh State Correctional Institution ("TSCI"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is incarcerated at TSCI. (*Id.*)

Plaintiff's allegations are voluminous and rambling, totally nearly 150 pages, and are extremely difficult to decipher. As best as the court can tell, Plaintiff asserts claims based on his belief that Defendants are contaminating his food and exposing him to chemicals. In particular, Plaintiff alleges that, after eating, he often experiences chest pain, pain in various other internal organs, and painful burns all over his body. (*Id.* at CM/ECF pp. 14-99; Filing No. 1-1 at CM/ECF pp. 1-45.) Plaintiff treats the alleged burns himself by soaking his clothing in water and then wearing the soaked clothing and by eating "deodorant" and "smear[ing]" it on his

chest. (*Id.* at CM/ECF pp. 6, 82-86.) Plaintiff includes nearly 100 pages of allegations detailing the food he has consumed since 2010, and the alleged pain he experienced after eating that food. (Filing No. 1 at CM/ECF pp. 14-99; Filing No. 1-1 at CM/ECF pp. 1-45.) Plaintiff has received extensive medical treatment for his alleged conditions in the form of psychiatric medication, a bland diet, heartburn and acid reflux medication, and numerous visits with medical professionals at TSCI. (Filing No. 1.) Plaintiff seeks damages in the amount of $190,000, and an order requiring Defendants to stop contaminating his food and poisoning him with chemicals. (*Id.* at CM/ECF pp. 8-10.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.   DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are difficult to decipher. The allegations which the court can decipher do not nudge Plaintiff's claims across the line from conceivable to plausible. The court liberally construes Plaintiff's Complaint to allege an Eighth Amendment claim related to Plaintiff's conditions of confinement. "The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). A prisoner asserting a violation of his Eighth Amendment right must show "deliberate indifference" or reckless or callous disregard of a known, excessive risk of serious harm to his health or safety. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "The subjective component of deliberate indifference requires proof that [a Defendant] actually knew of and recklessly disregarded a substantial risk of serious harm." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (citation omitted).

Here, Plaintiff alleges that he suffers from self-diagnosed chest pain, pain in

various other internal organs, and painful burns all over his body after eating food that he believes has been contaminated by Defendants. (Filing No. 1.) Plaintiff treats the alleged burns himself by soaking his clothing in water and then wearing the soaked clothing and by eating "deodorant" and "smear[ing]" it on his chest. (*Id.* at CM/ECF pp. 6, 82-86.) Even assuming that Plaintiff's allegations amount to anything more than nonsensical ramblings, Plaintiff's own allegations show that Defendants have not deliberately disregarded his safety. Rather, Plaintiff alleges that he has repeatedly complained about these issues to Defendants, and Defendants have responded fully by providing him with extensive medical treatment for his alleged conditions in the form of psychiatric medication, a bland diet, heartburn and acid reflux medication, and numerous visits with medical professionals at TSCI. (*Id.*)[1] In light of this, the court finds that Plaintiff's allegations do not "nudge" his Eighth Amendment claim across the line from conceivable to plausible. As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and the Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

3.  The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 29th day of November, 2012.

---

[1] Plaintiff does not assert any claim under the Eighth Amendment relating to his medical care or treatment.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.